UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-24169

JOSE M. GONCALVES PEREIRA,

    Plaintiff,

vs.

FLAMINGO ICE HOLDINGS LLC and
LUIS EDUARDO FAJARDO,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Jose M. Goncalves Pereira, sues Defendants, Flamingo Ice Holdings LLC and Luis Eduardo Fajardo, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jose M. Goncalves Pereira**, is a *sui juris* resident of Broward County, Florida, who is over 18 years old.

2.     Plaintiff consents to participate in this lawsuit.

3.     **Defendant, Flamingo Ice Holdings LLC**, is a for-profit limited liability Florida corporation that is *sui juris* and operated business from Miami-Dade County, Florida, at all times material.

4.     **Defendant, Luis E. Fajardo,** is over 18 years old, a resident of Miami-Dade County, and is *sui juris*. He was at all times material an officer/owner/director of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying

1

and/or deciding to pay Plaintiff's wages as well as for the termination of Plaintiff's employment.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

7. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – VIOLATION OF EPSLA
### (AGAINST ALL DEFENDANTS)

Plaintiff, Jose M. Goncalves Pereira, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

9. Plaintiff worked for Defendants from September 2019 through August 21, 2020.

10. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

11. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and it requires all covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. 29 C.F.R. §826.10.

2

12. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

13. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

14. Defendant, Flamingo Ice Holdings LLC, was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

15. Defendant, Flamingo Ice Holdings LLC, was at all times material hereto either engaged in commerce or in an industry or activity affecting commerce that employed less than 500 employees.

16. Defendant, Luis E. Fajardo, was also at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

17. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203(d) and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

18. Plaintiff left work on or about July 9, 2020 because he was experiencing symptoms of COVID-19.

19. Plaintiff sought a medical diagnosis and was tested for COVID-19.

20. Plaintiff's initial COVID-19 test was positive, meaning that he had contracted the virus, and so was required to self-quarantine.

21. Plaintiff informed Defendants of his positive diagnosis.

22. Plaintiff later took a second COVID-19 test which once again came indicated that he still was positive for the virus, requiring him to continue his self-quarantine.

23. Plaintiff informed Defendants of his positive diagnosis.

3

24. Plaintiff ultimately returned to work with Defendants on August 3, 2020.

25. Defendants, however, failed and refused to pay Plaintiff the sick leave to which he was entitled under the EPSLA at 29 C.F.R. §826.20 for two weeks during which he was unable to work due to COVID-19.

26. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff is entitled to payment of his "average regular rate" of pay for the two-weeks during which he was precluded from working due to his positive COVID-19 test. 29 C.F.R. §§826.22 and 826.25.

27. Defendants did not post or distribute any notice about the paid leave afforded by the EPLSA.

28. Pursuant to 29 C.F.R. §826.150, Plaintiff seeks recovery of the two weeks of wages that he should have received, plus an equal amount of liquidated damages, plus his attorneys' fees and costs.

WHEREFORE Plaintiff, Jose M. Goncalves Pereira, demands the entry of a judgment in his favor and against Defendants, Flamingo Ice Holdings LLC and Luis Eduardo Fajardo, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory sick leave wage damages and benefits, plus an equal amount of liquidated damages as provided under the law, in 29 C.F.R. §826.150 and in 29 U.S.C. § 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

    b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

    c. That Plaintiff recover all interest allowed by law;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

      d.      That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage / sick leave pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

      e.      Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME VIOLATION(S)
### (AGAINST ALL DEFENDANTS)

Plaintiff, Jose M. Goncalves Pereira, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

29. Defendants regularly employed two or more employees that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce during the past three years, thus making Defendants' business an enterprise covered under and subject to the Fair Labor Standards Act

30. Defendants have been at all times material engaged in interstate commerce in the course of their use of trucks, machinery, plastic bags, freezers, forklifts, dollies, filters, icemakers, computers, computer networking equipment, monitors, materials and supplies that moved through interstate commerce.

31. Defendants engage in interstate commerce in the course of their regular and recurrent receipt of invoices and submissions of payments involving out-of-state vendors, out-of-state suppliers, as well as the regular and recurrent receipt of packages from suppliers and vendors located outside of the State of Florida.

32. Defendants' gross revenues derived from this interstate commerce are in excess of $500,000.00 per year and/or $125,000 per fiscal quarter during each of the past three years.

33. Plaintiff's work for Defendants was actually in or so closely related to the

movement of commerce while he worked for Defendants that the Fair Labor Standards Act also applies to Plaintiff's work for Defendants.

34. Plaintiff worked for Defendants as a local delivery driver who was responsible for driving a commercial vehicle to deliver bags of ice to local stores.

35. Plaintiff worked for Defendants from about September 2019 through August 21, 2020.

36. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

37. Defendants paid Plaintiff an hourly rate for each hour that he worked, which rate was $15.00 for the time period at issue in this lawsuit.

38. Plaintiff routinely worked more than 40 hours per week for Defendants.

39. Defendants at all times material knew of the overtime and recordkeeping requirements imposed by the FLSA as a result of their having previously paid Plaintiff for the documented overtime hours that he worked.

40. Defendants failed to pay Plaintiff for the 6.09 hours of overtime that he worked during the pay period beginning on August 10, 2020 and ending on August 23, 2020 as a result of their improperly deducting $485.00 from his pay for damages they claimed he caused to a warehouse door.

41. Defendants' deduction of $485.00 from the pay issued to Plaintiff during the pay period beginning on August 10, 2020 and ending on August 23, 2020 resulted in the failure by Defendants to pay Plaintiff for all of the overtime wages that he earned during this pay period.

42. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

43. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jose M. Goncalves Pereira, demands the entry of a judgment in his favor and against Defendants, Defendants, Flamingo Ice Holdings LLC and Luis Eduardo Fajardo, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

### COUNT III – VIOLATION OF FLORIDA WHISTLEBLOWER'S ACT
### (AGAINST FLAMINGO ICE HOLDINGS LLC)

Plaintiff, Jose M. Goncalves Pereira, reincorporates and re-alleges paragraphs 1 through

8 as though set forth fully herein and further alleges as follows:

44. Plaintiff worked for Defendant, Flamingo Ice Holdings LLC, as a local delivery driver from about September 2019 through August 21, 2020.

45. Plaintiff left work on or about July 9, 2020 because he was experiencing symptoms of COVID-19 and then returned to work on August 3, 2020.

46. The Occupational Safety and Health Standards Act ("OSHA") requires employers like Defendant, Flamingo Ice Holdings LLC, to provide a safe and hazard free work environment to their employees at 29 U.S.C. §654, which states in relevant part as follows:

> **(a) Each employer –**
>
> **(1) shall furnish to each of his employees, employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;**
>
> **(2) shall comply with occupational safety and health standards promulgated under this chapter.**

47. Florida law further requires that every motor vehicle have brakes that shall be capable of the following actions:

> (a) Developing a braking force that is not less than the percentage of its gross weight tabulated herein for its classification;
>
> (b) Decelerating to a stop from not more than 20 miles per hour at not less than the feet per second per second tabulated herein for its classification; and
>
> (c) Stopping from a speed of 20 miles per hour in not more than the distance tabulated herein for its classification, such distance to be measured from the point at which movement of the service brake pedal or control begins.

Fla. Stat. §316.262.

48. Shortly after returning to work from medical leave due to contracting COVID-19 on or about August 3, 2020, Plaintiff reported to Defendant's dispatcher that the driver's side

door of the vehicle he was assigned to drive did not close properly, that a lot of diesel exhaust was entering the cab of the truck, and that the brakes would not stop the vehicle (within the parameters established by Florida and/or federal laws, rules, and/or regulations) when applied and objected to the requirement that he be required to operate this vehicle on the public roadways with the aforementioned conditions.

49. Plaintiff thus objected to or refused to participate in an activity, policy, or practice of Defendant, Flamingo Ice Holdings LLC, which is in violation of applicable laws, rules, and/or regulations.

50. Defendant, Flamingo Ice Holdings LLC, ignored Plaintiff and continued to subject him to the noxious exhaust gasses during his schedule shift(s), did not fix the vehicle, and did not provide him with a substitute vehicle to operate.

51. As a direct and proximate result of Plaintiff's objecting to operating the vehicle on the public roadways with the conditions as described above, Defendant, Flamingo Ice Holdings LLC, terminated Plaintiff's employment a few weeks later on or about August 21, 2020.

52. As pertinent herein, Fla. Stat. §448.102 provides as follows:

**Prohibitions**. — An employer may not take any retaliatory personnel action against an employee because the employee has:

(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

53. As a direct and proximate result of Defendant, Flamingo Ice Holdings LLC's violation of Fla. Stat. §448.102, Plaintiff suffered damages.

54. Plaintiff lost his job, wages, fringe benefits, and suffered emotional distress,

humiliation, and was damaged as a direct and proximate result of Defendant, Flamingo Ice Holdings LLC's unlawful, retaliatory conduct described above.

55. Plaintiff retained the undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

WHEREFORE Plaintiff, Jose M. Goncalves Pereira, demands the entry of a judgment against Defendant, Flamingo Ice Holdings LLC, for reinstatement to his prior position, for compensatory damages including lost benefits, lost seniority rights, lost wages, mental anguish, pain and suffering, and other remuneration (including paid time off), his attorneys' fees and costs pursuant to Fla. Stat. §448.104, *et seq.*, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jose M. Goncalves Pereira, demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of October 2020.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
*Counsel for Plaintiff*
